UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SIGNATURE BREADS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. |
| | ) | 09-10460-LTS |
| SIGNATURE BAKERY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON MOTIONS
TO COMPEL DOCUMENTS AND MOTIONS FOR SUMMARY JUDGMENT

July 29, 2010

SOROKIN, M.J.

Motions to Compel

The Motion to Compel Documents (Docket #35) is DENIED as Moot in light defendant's response in which it represented that it was producing all of the documents that Plaintiff sought in the Motion during the week of May 6, 2010. However, at the hearing, Plaintiff's counsel complained that the supplementation provided was incomplete. Plaintiff's counsel shall confer with defendant's counsel regarding this complaint. Plaintiff need not, but may, file a renewed motion, after such conferral, no later than August 31, 2010.

The Motion to Preclude Evidence (Docket #34) is ALLOWED IN PART as set forth herein and OTHERWISE DENIED. On August 20, 2009, Defendant stated in its automatic disclosures, inter alia, that "Retailers/wholesalers/distributors with knowledge of the Defendant's continued use of its SIGNATURE mark in the United States" were among the individuals that "likely have knowledge of discoverable information that the Defendant may use to support its claims and defenses." Docket #25 at 2-3. In September, 2009, Defendant dismissed voluntarily

its counterclaims for Interference with Contractual/Business Relations and for Sherman Act violations. Docket #26. To date, it has not amended its automatic disclosures.

Plaintiff noticed a Rule 30(b)(6) deposition of the Defendant and identified as topics for the deposition, among others:

- Since 1990, Signature Bakery, Inc.'s retail sale of products bearing the Signature Baker mark in the United States;

- the "identity of Signature Baker, Inc.'s customers, clients, wholesalers or distributors in the United States who have sold products bearing the Signature Bakery mark."

Defendant did not file a motion for a protective order seeking to quash or narrow either of these topics, or any other topic identified by Plaintiff. Its failure to do so is unsurprising: defendant had identified as possible witnesses individuals with knowledge of these topics and, in a trademark suit, challenging the use in the United States of the Signature Bakery mark, the topic is the ordinary stuff of discovery. For example, Defendant's own motion states clearly established trademark law: that, among other factors, the Court considers "classes of prospective purchasers" and the "relationship between the parties' channels of trade" in determining whether or not Plaintiff has established a likelihood of confusion. In short, the Rule 30(b)(6) topics are plainly relevant.

However, at the Rule 30(b)(6) deposition Defendant declined to answer questions regarding these two topics. These declinations came after the Defendant had refused to produce documents on these and other topics during the discovery period and in response to Plaintiff's requests. Only after Plaintiff filed its motion to compel did Defendant agree to produce the documents. See infra.

Just as at trial, at a Rule 30(b)(6) deposition a witness may not pick and choose the questions the witness wishes to answer. While Defendant's opposition to the motion highlights

possible weaknesses in Plaintiff's case, e.g. the absence of evidence of confusion, those weaknesses do authorize Defendant to opt out of portions of the discovery process. Nor does that information advanced by Defendant establish a basis to preclude the discovery sought by Plaintiff. However, at this time on the record before the Court, the sanction Plaintiff seeks of preclusion of evidence at trial is unwarranted. Defendant's Rule 30(b)(6) witness shall appear, in Boston, for a continuation of the Rule 30(b)(6) deposition. Defendant shall bear the costs of the deposition. The deposition is limited to 3.5 hours of deposition time and shall occur within thirty days of this Order.

### Motions for Summary Judgment

Plaintiff has filed a partial Motion for Summary Judgment (Docket #47) and Defendant has filed a Motion for Summary Judgment (Docket #44). At the parties' suggestion, the Court has reviewed these partially overlapping motions, although neither side has yet filed its opposition to the other's motion. Based upon this preliminary review, the Court concludes that factual issues preclude the allowance of either of these summary judgment motions. Each raises numerous issues of fact and resolution of the legal issues will require the resolution of these factual disputes as well as the drawing of inferences from the facts. Accordingly, each motion is DENIED WITHOUT PREJUDICE. The Court is not precluding the filing of summary judgment motions after the additional discovery set forth above concludes (and by September 15, 2010), however, counsel should file such a motion only based upon undisputed facts that would likely dispose of all or portions of the claims.

### Conclusion

The Motions for Summary Judgment (Docket #s 44 and 47) are DENIED WITHOUT PREJUDICE. The Motion to Compel Documents (Docket # ) is DENIED AS MOOT. The

Motion to Preclude (Docket # ) is ALLOWED IN PART AND DENIED IN PART as set forth herein.

Trial shall commence on October 25, 2010 at 9:00 a.m. in Courtroom 24.[1] The Court will issue an order establishing deadlines for pretrial filings shortly. If the parties require a revision to the schedule governing expert discovery, they shall propose such a revision within the next ten days.

                                        /s/ Leo T. Sorokin
                                        Leo T. Sorokin
                                        United States Magistrate Judge

---

[1] If the parties wish to mediate this matter with the Court's mediation program, they shall file a joint motion so requesting.